UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUL -1 2011

COLONNA'S SHIPYARD, INC.,

Plaintiff,

v.                                    ACTION NO. 2:10cv63

THE CITY OF KEY WEST, FLORIDA,

Defendant.

ORDER

This matter is before the Court on the Plaintiff's Objections to Report and Recommendation. (Docket No. 51). The Court has carefully conducted a de novo review of this matter, including the thorough Report and Recommendation of the Magistrate Judge. (Docket No. 50).

The Court and parties are quite familiar with the facts of this case, which could easily be referred to as the Vandenberg saga, and there is no need for an extensive factual review here. Colonna's Shipyard, Inc. v. U.S.A.F. Gen. Hoyt S. Vandenberg, 584 F. Supp.2d 862 (E.D.Va. 2008), Colonna's Shipyard, Inc. v. City of Key West, 735 F. Supp.2d 414 (E.D.Va. 2010). Therefore, the Court will focus on the salient facts only.

All of the money that is claimed by Colonna's Shipyard, Inc. ("Colonna's") in this action resulted from work completed by Colonna's prior to filing the in rem action. (Civil Action No.

2:08cv160). After the filing of that suit, Colonna's worked with the various entities involved in an effort to have its bill paid, in whole or part, and to facilitate the goal of having the Vandenberg serve as an artificial reef in Florida. These parties appear to have worked in good faith toward that goal so that the in rem litigation could be resolved.

It is also apparent that during the course of these efforts, Commissioner William Verge, of the City of Key West, Florida ("Key West") made statements to Colonna's reflecting his commitment to try to make all the parties whole. This was no doubt done in order to resolve the in rem litigation, and to successfully bring to conclusion a project on which he had worked for some years. Unfortunately, no resolution took place and on June 11, 2008, Colonna's requested that the Court sell the Vandenberg. (Civil Action No. 2:08cv160, Docket No. 19). In the supporting brief, Colonna's requested that the Court "order an interlocutory sale in order to satisfy the maritime lien asserted in Plaintiff's Verified Complaint. . . ." (Civil Action No. 2:08cv160, Docket No. 20). That maritime lien included the funds that Colonna's seeks to recover in this action, though such recovery here is sought on a different basis. Nevertheless, it is obvious that Colonna's felt it could wait no longer and that the best business decision at that point in the in rem litigation

was to go forward with the sale of the vessel. No one, even in hindsight, can question the wisdom of that decision in light of the obvious inability to bring all the moving parts of a settlement together.

After the Vandenberg was sold, reached its Florida destination, and successfully became an artificial reef, various of the creditors involved in the venture were paid much of what was owed. However, Colonna's was not paid and understandably felt overlooked. Colonna's later filed this suit, seeking recovery of $1,095,848, plus interest (Docket No. 1).

Colonna's understandably has not objected to that portion of the well-reasoned Report and Recommendation dealing with the breach of oral contract claim, but does object to the finding that it is not entitled to relief on a <u>quantum meruit</u> theory. In addressing that claim, the Magistrate Judge found that Key West did not request the repairs that are the subject of the present claim. The Magistrate Judge also found that Colonna's fully and successfully pursued its maritime lien against the vessel. (Docket No. 50, pg. 21). For these reasons, the Magistrate Judge recommended that this Court find that Colonna's is entitled to no relief in this suit.

The Court is not without sympathy for the position in which Colonna's finds itself. It sought in good faith to work with all

parties to reach a resolution of the <u>in rem</u> suit and facilitate the Vandenberg's new life as an artificial reef. However, such good faith efforts do not always result in entitlement to a legal recovery. Such is the case here.

<u>In rem</u> sales such as this result in extinguishment of all liens, an obvious and well-settled proposition. But Colonna's argues, among other arguments, that it had a completely separate mutual understanding with Key West that Key West would pay the balance of the Colonna's bill that was owed when Colonna's filed the <u>in rem</u> suit. While it is clear that Colonna's sought to resolve issues involved in the <u>in rem</u> suit before requesting an interlocutory sale of the vessel, it is equally clear that such efforts were unsuccessful and that the parties moved forward with sale of the vessel and all the attendant unknowns that accompany such a sale. Because the resulting fund was insufficient to substantially satisfy Colonna's bill, it now seeks recovery under the equitable remedy of <u>quantum meruit</u> based on a quasi-contract theory. <u>See</u> <u>Nossen v. Hoy</u>, 750 F. Supp. 740, 744-45 (E.D.Va. 1990)(case relied upon by Colonna's).

While courts may formulate the elements of <u>quantum meruit</u> in various ways, "[t]he crux of a <u>quantum meruit</u> cause of action lies in the unjust enrichment of one party. <u>M.P. Leasing Corp. v. Colonna's Shipyard</u>, Civ. Action No. 2:07cv273, 2009 AMC 1462,

1469 (E.D.Va. 2009). See Raymond, Colestar, Glaspy & Huss, PC v. Allied Capital Corp., 961 F.2d 489, 491 (4th Cir. 1992), W.F. Magann Corp. v. Diamond Manufacturing Company, Inc., 775 F.2d 1202, 1207-08 (4th Cir. 1985).

Among other things, Colonna's argues that it had an agreement with Key West that Colonna's would "complete any unfinished work and . . . would deliver the vessel" . . . "[a]nd dismiss the arrest and release the ship" if Key West would "pay the bill in full." (Godfrey Dep., Docket No. 29-1, pgs. 31-32, 68). However, the testimony of the parties reflects that these events never took place. Colonna's never completed the work and Key West never paid Colonna's. (Godfrey Dep., Docket No. 29-1, pgs. 34-35). Having lost any hope that Key West would make payment, Colonna's decided to pursue the *in rem* sale of the vessel and asked the Court to proceed with such sale - a decision for which Colonna's cannot be faulted, particularly in light of the economic uncertainties of the time.

There is no question that Colonna's was treated shabbily in this deal, particularly considering the fact that the vessel eventually reached its destination and other entities were substantially paid for their work, while Colonna's was left with a large debt apparently uncollectable from its contracting partner, Reefmakers, LLC ("Reefmakers"). However, the question

is whether these facts justify essentially imposing a contract on the parties where they chose not to actually contract and where the essence of the perceived agreement was never accomplished, i.e. Key West never came through with the funding and Colonna's never completed the contemplated work on the ship, choosing instead to take its chances with the *in rem* sale. In other words, Key West was not unjustly enriched as a result of some representation it made to Colonna's or some action it affirmatively took vis-à-vis Colonna's. The winning bid at the December 17, 2008 auction was First State Bank, which later transferred title to Key West so that the project could be completed. This result was fortuitous for Key West and not the <u>result of</u> some arrangement at the time the work was done that created an expectation by Key West that it would have to pay the Colonna's bill, or by Colonna's that Key West would pay the bill. In fact, Key West had to pay contractors to perform the remaining work on the Vandenberg, such as it was, and deliver the vessel. Colonna's has undoubtedly suffered a great loss, but under these circumstances, it can receive no remedy from Key West.

Notwithstanding these facts, Colonna's alternatively argues that it is entitled to <u>quantum meruit</u> relief because Key West was involved from the beginning of Colonna's contract with Reefmakers, was even mentioned in such contract, and should

6

therefore expect to pay the Colonna's bill. In this regard, Colonna's argues that it rendered valuable services <u>for Key West</u>. (Docket No. 51, pg. 13). However, as explained above, the work was performed under a contract between Colonna's and Reefmakers, where Key West's involvement was disclosed from the beginning, and Key West was not required to sign on as a party to the contract. Moreover, the arrangements made by Key West for this project contemplated a limited outlay of funds from the beginning, with other entities contributing funds.

The unfortunate turn of events here cannot form the basis for an unjust enrichment claim against Key West. Key West, Florida, their citizens, and wreck/reef divers at the Vandenberg site have clearly been enriched. But the enrichment was not accomplished in a way that, at the time the work was being performed, created some expectation by Key West that it would have to pay for any work performed by Colonna's, nor by Colonna's that Key West would pay. See <u>N'jie v. Cheung</u>, Civ. Act. No. 09-919, 2011 U.S. Dist. LEXIS 20328, *16 (D.N.J. 2011) ("unjust enrichment doctrine 'requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant.'"). That is the crucial missing link in Colonna's alternative argument.

That Key West received and accepted the benefits of Colonna's work by virtue of the bank fortuitously winning the auction bid and transferring the vessel to Key West cannot control the outcome. The winning bidder takes the vessel free and clear and can do with it as it pleases, and its transfer to Key West cannot create retroactive expectations of payment for Colonna's. This is borne out by the very case Colonna's cites to support its argument. Colonna's has not shown: (1) that it had a reasonable expectation of payment from Key West when the work was performed; (2) that Key West should reasonably have expected to pay for the work at the time it was performed; or (3) that society's reasonable expectations of security of person and property would be defeated by nonpayment. Nossen, 750 F. Supp. at 745. Indeed Colonna's could have required Key West to obligate itself by becoming a party to the Reefmakers contract, but it did not. Society cannot provide the benefit of a bargain never entered. Moreover, the mere fact that from the beginning Colonna's may have believed Key West to be the paymaster could not create a reasonable expectation of payment from Key West when Reefmakers was the contracting party, and where the vessel was sold in an in rem judicial sale.

The Court, having reviewed the record and examined the objections filed by Colonna's, and having made de novo findings

8

with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge, as supplemented by this Order. Therefore, the Court GRANTS Key West's motion for summary judgment, DENIES Colonna's motion for summary judgment, and DISMISSES Colonna's claims against Key West.

Plaintiff may appeal from the judgment entered pursuant to this Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.

/s/ msv
Mark S. Davis
United States District Judge

Norfolk, Virginia
July 1, 2011